## T. R. Bry & Husband v. Robert Cook.

A partner who complains of error in the settlement of a partnership account, approved by the signature of the partners, should make it appear by proof.

APPEAL from the District Court of the Parish of Caldwell, *Mayo,* J. *McGuire & Ray,* for plaintiffs and appellants. *John T. Ludeling.* for defendant.

MERRICK, C. J. The plaintiff sues upon a promissory note and a balance stated upon the settlement of a partnership account approved by the signature of the partners.

The defendant alleged error in the settlement, and had judgment for $155 08. The plaintiffs appeal.

The defendant complains of two errors : one arising from the settlement of the cotton crop of 1847, and the other the final settlement in 1854.

It is clear, that the party complaining of an error, should make it apparent by proof.

In this instance, it is supposed, and so the District Judge held, that an error of $1,008 37 is apparent upon the account, by inspection. It seems to us, however, quite clear, that the supposed error does not exist. The partnership was of a cotton plantion, the control of which was with the defendant.

| | | |
|---|---|---|
| The net proceeds carried into the settlement for three years were... | | $11,405 02 |
| The defendant paid of expenses......................$4,344 76 | | |
| The plaintiff...................................... 1,008 37 | | |
| | | 5,353 13 |
| Amount to be divided............................. | | $6,051 89 |

*Cook* was to have 20, and *Mrs. Bry* 5½ parts, or in other words, the latter was to have 11 parts out of 51.

| | |
|---|---|
| *Cook's* proportion was...........................$4,746 59 | |
| Plaintiff's share................................. 1,305 30 | |
| | $6,051 89 |

It is evident that, as the funds were to *Cook's* credit, *Mrs. Bry* was entitled to receive, out of the proceeds of the crop in his hands, what she had paid,

| | |
|---|---|
| to-wit ................................................... | $1,008 37 |
| Also her proportion of profits............................... | 1,305 30 |
| Total................................. | $2,313 67 |
| But the account shows she had already received, as per account,.... | 1,807 29 |
| Which being deducted from $2,313 67, leaves to be paid her by | |
| *Cook*, the partner holding the funds, the sum of ................ | $ 506 38 |
| To this add *Cook's* note...................................... | 80 00 |
| The watch.............................................. | 60 00 |
| Hire of *Caroline*......................................... | 129 66 |
| And we have due by him to plaintiff......................... | $ 776 04 |
| Allow defendant credit for account with *Lelland & Mason*..$104 17 | |
| Loss of *Diana's* time................................. 40 00 | |
| *Bry's* draft....................................... 228 97 | |
| | 373 14 |
| Difference..................... | $402 90 |

Which is the amount stated in the account signed by the parties.

As it respects the second error complained of, we are not satisfied that the District Judge erred in his conclusion. We think item $104 17 evidently refers to the account stated in 1852, for the crop of 1847 ; and it may be, as plaintiffs' counsel suggests, that the difference between $104 17 and $242 26⅔ was settled in some other manner. But the account appears to be stated with some particularity, and we think, under the circumstances, the defendant should be allowed the same as a credit. The value of the corn is found by the District Judge to be at 87½ cents per bushel, $437 75. Of this finding there is no complaint.

There is no defence to the note for $150 and interest.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that the plaintiff do recover and have judgment against the defendant, *Robert Cook*, for the sum of eight hundred and fifty-two dollars and fifty-five cents, and that seven hundred and two dollars and fifty-five cents thereof bear five per cent. interest from the 14th day of April, 1854, until paid, and that the residue, viz, one hundred and fifty dollars, bear interest at the rate of eight per cent. from the first day of January, 1855, until paid, and that the defendant pay the costs of both courts.